Cite as 2020 Ark. App. 461

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CR-20-134

| | | |
|---|---|---|
| | | **OPINION DELIVERED:** OCTOBER 7, 2020 |
| RODERICK TALLEY | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR-16-271] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT THOMAS WRIGHT, JR., JUDGE |
| | | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Roderick Talley appeals the December 19, 2019 order of the Pulaski County Circuit Court, which denied both his petition to seal a misdemeanor conviction and his motion to strike the State's response to the motion to compel. Talley argues on appeal that in so ruling, the circuit court misinterpreted the Comprehensive Criminal Record Sealing Act ("CCRSA") of 2013, which is codified at Arkansas Code Annotated sections 16-90-1401 et seq. (Repl. 2016 & Supp. 2019). We affirm.

### I. *Procedural History*

Talley was charged with second-degree battery on January 28, 2016. On September 19, he entered a negotiated guilty plea to second-degree assault, a Class B misdemeanor, and he was ordered to pay a $500 fine. On April 19, 2018, Talley filed a pro se petition to seal the misdemeanor conviction and claimed that he had completed all the requirements of the conviction and had no pending felony charges in any state or federal court.

On November 5, 2019, Talley filed an amended petition to seal his misdemeanor-assault conviction and stated that he had one or more pending felony charges under Arkansas Code Annotated as follows: section 5-54-111(b)(1) (second-degree escape); section 5-36-103(b)(2)(A) (theft of property with value less than $25,000 but more than $5,000); section 5-13-211 (aggravated assault upon a law enforcement officer or employee of a correctional facility); section 5-13-202 (second-degree battery); section 5-54-125 (fleeing); section 5-54-125(c) (fleeing on foot); section 5-36-103(b)(4)(A) (theft of property); section 27-16-303 (driving with an invalid license); and section 5-37-201 (forgery).

On December 6, Talley filed a motion to compel ruling on his petition to seal, claiming that he had personally served a copy of his petition on the Pulaski County Prosecuting Attorney's Office on November 5. He alleged that pursuant to Arkansas Code Annotated section 16-90-1413(b)(2)(A) (Supp. 2019), the prosecuting attorney may file a notice of opposition to his petition to seal within thirty days from the date of filing. Therefore, he claimed that when the State did not file any notice of opposition on or before December 5, it waived any opposition to his petition to seal. He argued that section 16-90-1413(b)(2)(B)(i) notes that when the State fails to file any notice of opposition, the circuit court may grant the petition. He further cited section 16-90-1415(a) that "unless the circuit court . . . is presented with and finds that there is clear and convincing evidence that misdemeanor or violation conviction should not be sealed under this subchapter, the circuit court . . . shall seal" the conviction. He argued that because the State did not file a notice of opposition, the circuit court was not presented with clear and convincing evidence that the conviction should not be sealed, and the statutes contain no other basis for a hearing on

2

the petition other than the State filing notice. *See* Ark. Code Ann. § 16–90–1413(b)(2)(B)(ii) (if notice of opposition is filed, the court shall set the matter for a hearing). On the basis of that argument, he claimed that the circuit court should grant his petition.

The State responded to Talley's motion to compel on December 10 and alleged that in Talley's original petition to seal, he made false statements under oath by stating he had no pending criminal cases when, in fact, he had two felony cases pending.[1] The State argued that because Talley had requested four continuances in the two cases, there still were no resolutions to them. The State also claimed that on September 3, 2019, Talley was charged with harassing communications and violating an order of protection, and the case was pending in the Little Rock District Court; thus, the State was also waiting on a resolution of this third criminal case before it filed its response.

The State argued that under section 16–90–1413(b)(2)(B), if the State does not file a notice of opposition to a petition to seal a misdemeanor within thirty days, the court *may* grant a petition to seal; however, there is no requirement that the court grant a petition to seal if the State does not respond within thirty days. The State claimed that it did not believe it could respond without knowing the resolution of the three pending criminal cases against Talley. The State alleged that Talley's own actions were the cause for the State's delay in filing written opposition to the petition to seal.

---

[1] The State filed its response to Talley's motion to compel ruling under two case numbers—60CR-15-3708 and 60CR-16-271. The circuit court granted the petition to seal in 60CR-15-3708, which dealt with charges the State had nolle prossed; thus, Talley is not appealing the court's decision to seal the record in case number 60CR-15-3708.

On December 12, Talley filed a motion to strike the State's "objection" as untimely. He argued that the prosecution has only thirty days to file a notice of opposition to a petition to seal a misdemeanor conviction. Ark. Code Ann. § 16-90-1413(b)(2)(A). He claimed that because the State failed to file any notice of opposition on or before the thirtieth day, December 5, the State waived any opposition to his petition. He argued that the State's response to his motion to compel ruling could only be construed as a written notice of objection filed outside the thirty-day deadline. He urged the circuit court to look to the substance of the pleading rather than the title, *Mhoon v. State*, 369 Ark. 134, 251 S.W.3d 244 (2007), and claimed that the State's response is a late notice of objection to seal because it accused Talley of lying under oath and noted that he had pending criminal cases.

## II. *Circuit Court Hearing and Order*

At the December 18 hearing, the circuit court heard argument from counsel for both parties. Regarding Talley's motion to strike, he argued that regardless of the title of the State's response, the essence of the pleading is an objection, which was untimely and should be struck under the statute. The circuit court denied the motion to strike the State's response to Talley's motion to compel and did not make any findings regarding whether the response was an "objection."

Talley then argued that under the CCRSA, unless the circuit court is presented with and finds clear and convincing evidence that a misdemeanor conviction should not be sealed, the circuit court shall grant the petition to seal. He claimed that the State, having not filed an objection, had not put on any evidence, "let alone enough to show by clear-and-convincing evidence," that the conviction should not be sealed. In response, the State

4

introduced exhibits 1–6, which are criminal records related to Talley's 2018 and 2019 criminal charges and the sentencing order from 2016. Talley objected that "these are untimely," but the circuit court granted the State's motion to admit the evidence.[2]

The State argued that considering the evidence reflected in the exhibits, Talley committed "false swearing under oath."[3] The State pointed to the pending felony and misdemeanor violations and stated that its position was that "not waiting for the resolutions of these to determine whether you are going to grant or deny the petition to seal is not a good mode." The State asked the circuit court to wait for the resolution of the cases to

---

[2]State's exhibit 1 is Talley's record of first judicial appearance on the charge of second-degree forgery, Class C felony, in the District Court of Cross County filed January 5, 2018, and related criminal record with an offense date of March 1, 2016.

State's exhibit 2 is Talley's April 19, 2018 verified pro se petition to seal records of nolle prosequi in case number 60CR–15–3708 that states he had no pending felony charges in any state or federal court.

State's exhibit 3 is Talley's April 19, 2018 verified pro se petition to seal misdemeanors in case number 60CR–16–271 that states he had no pending felony charges in any state or federal court.

State's exhibit 4 is the December 26, 2018 criminal information accusing Talley of second-degree escape, theft of property, aggravated assault on a certified law enforcement officer, second-degree battery, fleeing in a vehicle, fleeing on foot, theft of property, and driving on a suspended license all on November 14, 2018, the affidavit for probable cause in that case, and the order for continuance on December 11, 2019.

State's exhibit 5 is a warrant for Talley's arrest served September 3, 2019, for violation of a domestic order of protection and harassing communications and the supporting affidavit.

State's exhibit 6 is the September 19, 2016 sentencing order on Talley's negotiated guilty plea for second-degree assault.

[3]The State first argued that this argument related to the CR–15–3708 case but later argued that Talley falsely swore in both petitions.

5

determine whether "he is amenable to rehabilitation." Alternatively, the State argued that if the court were to make a decision, it could do so on the basis of Talley's false swearing under oath. The circuit court ruled that the petition was granted in relation to case No. CR15-3708—the nolle prossed charges.

The State then made its argument related solely to Talley's petition to seal the misdemeanor conviction under case number CR-16-271 and stated that the burden on the State is to produce clear and convincing evidence that a misdemeanor should not be sealed. Ark. Code Ann. § 16-90-1415. The State claimed that it had presented such evidence that Talley filed a petition with a false statement under oath in order to manipulate the system into sealing the case. Further, the State argued that it had shown that Talley had been "subsequently charged with six felonies and five misdemeanors in three different cases in two different jurisdictions since the filing of the petition to seal that contained actual false swearing." The State recognized that whether to seal the conviction is discretionary with the court and asked the court to exercise its discretion and find that clear and convincing evidence had been presented and that the case not be sealed.

Talley argued that the circuit court had no discretion under section 16-90-1415(a) because the court was not presented with clear and convincing evidence that a misdemeanor conviction should not be sealed. Talley claimed that the only vehicle whereby the State could present the evidence to the court is to file a timely objection. Because he maintained that the State waived its objection, Talley argued there was no evidence that the conviction should not be sealed. He claimed that the court could not consider anything the State

6

submitted because it was not argued in a timely thirty-day objection, and the court had no other choice under the statute, which states the court "shall seal the conviction."

The circuit court denied the petition at the hearing, and the order filed December 19, 2019, states in pertinent part:

> Turning first to the Defendant's Motion to Strike, Ark. Code Ann. § 16-90-1413(b)(2)(A) provides that "[t]he prosecuting attorney may file a notice of opposition with the court for a petition seeking to seal a record of an eligible misdemeanor conviction or violation setting forth reasons for the opposition to the sealing within thirty (30) days after receipt of the uniform petition or after the uniform petition is filed, whichever is the later date." The statute goes on to say that the court *may* grant the petition if the notice of opposition is not filed.

> Neither the statute nor any case law reviewed by the Court would support the argument that the State may not present information regarding the case if they have not objected within the 30 days recited in the statute. The Court has the inherent authority to hear from the State on any matter in which the State is a party. To preclude the State from doing so would essentially create the right to a "default judgment of expungement" if the State did not formally respond within the specified window.

> Under Ark. Code Ann. § 16-90-1415, the Court is to seal a misdemeanor violation unless it is presented with and finds that there is clear-and-convincing evidence that it should not be sealed. Regarding nolle prossed cases, that same statute states that a nolle prossed case shall be expunged unless the State shows by a preponderance of the evidence that expungement would place the public at risk or fail to further the interests of justice. The Court would not be able to make these decisions if the State were procedurally barred from responding to the Petition. There is some conflict in the wording of Act 1460—for some provisions it is anticipated that the Court "shall" seal a case, and in others it is specified that the Court "may" take such action. Ultimately, the right to an expungement remains discretionary for the Court, though the standard of review given to the Court varies within the statute.

> In any event, the Court finds that it cannot make such decisions without hearing the State's position. The Court does not grant a Petition to Seal over resistance or objection from the State without at least a hearing. At least for the nolle prossed case, the Court has to determine whether the State has shown by a preponderance of the evidence that expungement would place the public at risk or not further the interests of justice. With that in mind, the Court finds that the Defendant's Motion to Strike the State's Response as Untimely should be denied.

7

Looking at the actual merits of the two Petitions, the Court finds that the Petition in 2015-3708 should be granted and that the Petition in 2016-271 should be denied. The State presented several exhibits at the December 18 hearing, including evidence of the pending charges in Cross County and the initial versions of the Petitions that the State alleges contained false affirmations. The State has not met its preponderance burden in 2015-3708 by showing that the public would be placed at risk or that the interests of justice would not be furthered by expunging a case where the State has declined to prosecute and the statute of limitations has run. The Defendant's Petition in 2015-3078 should be granted.

The Court does find that the State has presented clear-and-convincing evidence that the Petition to Seal in 2016-271 should not be granted. The evidence reviewed by the Court to make its decision is the same in both cases, but the distinction lies in what expungement achieves in both cases. Even though the nolle prossed case requires a smaller burden of proof, the evidence does not meet the preponderance burden where the State chose not to prosecute. That same evidence in a case where the Defendant was convicted, albeit only a misdemeanor, is more compelling. The Court does not find that the Defendant's assertion in his initial Petition was a scrivener's error, and the State's assertion that this was false swearing is a reasonable argument. The nature of the pending Cross County charges, which are serious felonies in nature and also involve an allegation of assault, give the Court pause when determining whether a misdemeanor assault conviction should be sealed. The Court finds that, as of the time of this ruling, there is clear-and-convincing evidence that the misdemeanor should not be sealed. Ark. Code Ann. § 16-90-1405 will permit him to file a new uniform petition after 90 days from the entry of this Order, or whenever his Cross County cases have been disposed of.

Talley filed a timely notice of appeal from the order denying both his petition to seal and his motion to strike, and this appeal followed.

III. *Applicable Law and Standard of Review*

Arkansas Code Annotated section 16-90-1413 contains the procedure for sealing records in pertinent part as follows:

(a)(1) A person who is eligible to have a record sealed under this subchapter may file a uniform petition in the circuit court or district court in the county where the offense was committed and in which the person was convicted for the offense he or she is now petitioning to have sealed.

8

. . . .

(b)(1)(A) A copy of the uniform petition shall be served upon the prosecuting attorney for the county in which the uniform petition is filed and the arresting agency, if the arresting agency is a named party, within three (3) days of the filing of the uniform petition.

(B) It is not necessary to make the arresting agency a party to the action.

(2)(A) The prosecuting attorney may file a notice of opposition with the court for a petition seeking to seal a record of an eligible misdemeanor conviction or violation setting forth reasons for the opposition to the sealing within thirty (30) days after receipt of the uniform petition or after the uniform petition is filed, whichever is the later date.

(B)(i) If notice of opposition is not filed, the court may grant the uniform petition.

(ii) If notice of opposition is filed, the court shall set the matter for a hearing if the record for which the uniform petition was filed is eligible for sealing under this subchapter unless the prosecuting attorney consents to allow the court to decide the case solely on the pleadings.

. . . .

(c)(1) The court may not grant the uniform petition until thirty (30) days have passed   since the uniform petition was served on the prosecuting attorney, although the court may deny the uniform petition at any time.

Ark. Code Ann. § 16-90-1413(a)(1), (b)(1)−(2)(B)(ii), (c)(1).

Arkansas Code Annotated section 16-90-1415 sets forth the burden of proof and the standard of review for a petition to seal records as follows:

(a) For a uniform petition filed under § 16-90-1405, unless the circuit court or district court is presented with and finds that there is clear and convincing evidence that a misdemeanor or violation conviction should not be sealed under this subchapter, the circuit court or district court shall seal the misdemeanor or violation conviction for a person after the person files a uniform petition as described in this section.

. . . .

9

(d) A uniform petition filed under § 16-90-1409 or § 16-90-1410 [sealing records of nolle prosequi] shall be granted unless the state shows by a preponderance of the evidence that doing so would:

(1) Place the public at risk; or

(2) Not further the interests of justice.

Ark. Code Ann. § 16-90-1415(a), (d).

The correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *Bolin v. State*, 2015 Ark. 149, at 4, 459 S.W.3d 788, 791 (standard of review in considering question of application and interpretation of CCRSA and Community Punishment Act). The Arkansas Supreme Court has instructed as follows:

> Moving to our review of the statute before us, "[t]he first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." *Ortho-McNeil-Janssen Pharm., Inc. v. State*, 2014 Ark. 124, at 10, 432 S.W.3d 563, 571. The basic rule of statutory construction is to give effect to the intent of the legislature. *Dep't of Human Servs. & Child Welfare Agency Review Bd. v. Howard*, 367 Ark. 55, 62, 238 S.W.3d 1, 6 (2006). Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Lawhon Farm Servs. v. Brown*, 335 Ark. 272, 984 S.W.2d 1 (1998). Statutes relating to the same subject must be construed together and in harmony, if possible. *Berryhill v. Synatzske*, 2014 Ark. 169, at 4–5, 432 S.W.3d 637, at 640.

*Haile v. Johnston*, 2016 Ark. 52, at 6–7, 482 S.W.3d 323, 326–27 (reviewing Ark. Code Ann. § 16-90-1417 "effect of sealing").

IV. *Motion to Strike*

Talley argues that the circuit court misinterpreted the CCRSA in denying his motion to strike the State's response. Pursuant to the statute, the prosecuting attorney has only thirty days from the date of the petition's filing to file a notice of opposition. Ark. Code Ann. § 16-90-1413(b)(2)(A). If the State fails to file any notice of opposition, the circuit

10

court may grant the petition. Ark. Code Ann. § 16-90-1413(b)(2)(B)(i). If the State files notice of opposition, the court shall set the matter for a hearing unless the prosecuting attorney consents to allow the court to decide the case solely on the pleadings. Ark. Code Ann. § 16-90-1413(b)(2)(B)(ii). Talley argues that under the statutory framework, there is no other mechanism whereby a court may order a hearing on the merits of a petition to seal a misdemeanor conviction.

Talley contends that it is the State's burden to show why a misdemeanor conviction should not be sealed by presenting clear and convincing evidence. Ark. Code Ann. § 16-90-1415(a).

> [U]nless the circuit court or district court is presented with and finds that there is clear and convincing evidence that a misdemeanor or violation conviction should not be sealed under this subchapter, the circuit court or district court *shall* seal the misdemeanor or violation conviction for a person after the person files a uniform petition as described in this section.

*Id*. (emphasis added). He argues that the law creates a rebuttable presumption in favor of sealing misdemeanors but also allows the State an opportunity to rebut that presumption by objecting and presenting the circuit court with clear and convincing evidence that a misdemeanor conviction should not be sealed. He contends that by failing to file notice of opposition within thirty days, the State waived any right it had to a hearing on the petition. Ark. Code Ann. § 16-90-1413(b)(2)(B)(ii). He asserts that the CCRSA contains no other basis for a circuit court to hold a hearing on such a petition other than the State's filing such notice, and he contends that there is no mechanism within the CCRSA whereby the State may receive an extension to file a notice of objection.

11

He argues that the circuit court erroneously denied Talley's motion to strike the State's objection as untimely because the State's notice of objection was not filed until more than thirty days after the petition was filed on November 5, 2019. Thus, he claims that the State's response should have been struck as untimely under the express language of the CCRSA.

However, we note that there is nothing in the CCRSA that prohibits the State from filing a response to a motion to compel. Further, the CCRSA does not prohibit the State from objecting to, or presenting evidence against, a petition to seal if it did not file a notice of opposition within thirty days. Ark. Code Ann. § 16-90-1413(b)(2)(A). Nor does the statute prohibit the circuit court from holding a hearing if the State did not file a notice of opposition. Section 16-90-1413(b)(2)(A) merely permits the State to file a notice of opposition within thirty days, and section 16-90-1413(b)(2)(B)(ii) mandates that the court hold a hearing on a petition to seal if the State files a notice of opposition. Because the statute neither prohibits nor mandates a hearing when the State does not file a notice of opposition, a circuit court, in its discretion, was permitted to hold a hearing on Talley's petition, as it can on any other motion filed in its court.

There is no rebuttable presumption in the statute in favor of sealing that the State can only rebut by filing a notice of opposition. If a notice of opposition is not filed, the court may grant the uniform petition. Ark. Code Ann. § 16-90-1413(b)(2)(B)(i). The circuit court is not required to grant a petition to seal if the State does not file a notice of opposition within thirty days. *See Williams v. State*, 347 Ark. 728, 756, 67 S.W.3d 548, 565–66 (2002) ("may" is usually employed as implying permissive or discretionary, rather

12

than mandatory, action or conduct); *Smith v. Fox*, 358 Ark. 388, 393, 193 S.W.3d 238, 242 (2004) ("shall" is mandatory). Therefore, the circuit court is permitted to grant the petition if the State does not file a notice of opposition, but it is not required to do so. *See Edwards v. State*, 70 Ark. App. 127, 130, 15 S.W.3d 358, 360 (2000) (explaining that by using the word "may" in Ark. Code Ann. § 16-93-1207 (Supp. 1993), the circuit court had discretion to expunge defendant's record upon the successful completion of his probationary period, but the expungement was not mandated).

We hold that the circuit court did not misinterpret Arkansas Code Annotated section 16-90-1413(b)(2) by denying Talley's motion to strike and by receiving evidence from the State at the hearing.

## V. *Petition to Seal*

Talley argues that the circuit court misinterpreted the CCRSA in denying his petition to seal the misdemeanor conviction. This argument is premised on Talley's conclusion that the response to the motion to compel should have been struck. Given that conclusion, Talley claims that the circuit court had no choice under the CCRSA but to grant his petition to seal. Talley contends that the response filed by the State is, in reality, a notice of objection, which was not filed within thirty days. He argues that the circuit court may not find such evidence sua sponte; rather, the statute requires that the court be "presented with and find" such clear and convincing evidence. Ark. Code Ann. § 16-90-1415(a). He contends that the statute requires presentation of evidence by one of the parties.

He argues that the State and the circuit court divined items from the CCRSA that are not there. For example, he contends that there is no requirement that the defendant be

13

"amenable to rehabilitation" as argued by the State, nor is there a requirement that the State know the resolution of the pending criminal cases against Talley. He argues the State had a thirty-day window to respond, and it did not.

Talley contends that, contrary to the circuit court's "assertion without citation to any legal authority," the circuit court lacks the inherent authority to hear from the State on any matter in which the State is a party. He points to instances when the failure to respond in a timely manner under a statutory or procedural requirement forecloses a party's ability to be heard on an issue: (1) failure to respond to a written request for admission within thirty days, *see* Ark. R. Civ. P. 36(a); and (2) strictly construing a twenty-day deadline in Ark. Code Ann. § 7-5-801, *see Willis v. King*, 352 Ark. 55, 98 S.W.3d 427 (2003).

Talley argues that the circuit court has no inherent authority to bend and twist a statute to its liking but that it did so here. The circuit court found that precluding the State from being heard just because it missed the statutory deadline to object would create the right to a default judgment of expungement if the State did not formally respond within the specified window. Talley argues that it precisely what the CCRSA makes clear. He claims that if the State does not object, then there can be no way for the circuit court to be presented with clear and convincing evidence that the petition should not be sealed. He asserts that the State's failure to file a timely objection to the petition to seal thus compels the court to grant that petition. Talley argues that the circuit court had no discretion because it is empowered by the CCRSA to deny a petition to seal a misdemeanor conviction only upon the State's filing a written notice of objection and presenting clear and convincing

14

evidence. Ark. Code Ann. § 16-90-1413(b)(2). Without such objection, Talley contends that the circuit court "shall" grant the petition. Ark. Code Ann. § 16-90-1415(a).

We hold that the circuit court did not misinterpret the CCRSA by denying Talley's petition to seal. The statute is clear that the circuit court may, in its discretion, grant the petition when no opposition is filed. Ark. Code Ann. § 16-90-1413(b)(2)(B)(i). Nothing in the statute prohibits the circuit court from hearing a petitioner's motion to seal or motion to compel. The State contends that it presented the circuit court with clear and convincing evidence as to why the petition should be denied. The State claims that even absent such evidence, the information in the petition to seal was enough for the circuit court to deny the petition. We agree.

Pursuant to Arkansas Code Annotated section 16-90-1413(c)(1), the circuit court may deny a petition to seal before the State's time to file a notice of opposition has lapsed. Thus, the court may deny a petition to seal without the State's filing a notice of opposition. Even assuming that the State was prohibited from presenting evidence at a hearing because it did not file a notice of opposition, the circuit court was still presented with clear and convincing evidence by which to deny the petition to seal. Talley's petition listed the statutes under which he had pending felony charges. As the circuit court explained in its order denying his petition to seal, Talley's pending felony charges in Cross County were "serious" and "involve[d] an allegation of assault," which gave the court "pause when determining whether a misdemeanor assault conviction should be sealed."

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

15

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.