Cite as 2024 Ark. App. 567

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-481

| | | |
|---|---|---|
| | | **Opinion Delivered** November 13, 2024 |
| TIMOTHY FINLEY | | |
| | APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NOS. 70CR-95-208 & 70CR-95-317] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE SPENCER G. SINGLETON, JUDGE |
| | APPELLEE | |
| | | REVERSED AND REMANDED |

**KENNETH S. HIXSON, Judge**

Appellant Timothy Finley appeals from two orders denying his petitions to seal his felony convictions in Union County Circuit Court case numbers 70CR-95-208 (case 208) and 70CR-95-317 (case 317).[1] On appeal, Finley argues that (1) the trial court erred in denying Finley's motion to strike the prosecutor's written objections to the petitions because the prosecutor's objections were filed outside the statutory thirty-day response time; (2) the trial court erred in finding that Finley failed to meet his burden of proof in showing that the sealing of his records would further the interests of justice; and (3) the trial court erred in

---

[1]There were two separate appeals filed from these orders but because both appeals concern the same issues applicable to both cases, we granted Finley's motion to consolidate the cases.

finding that because Finley had more than one prior felony conviction, none of his convictions could be sealed. For the reasons explained herein, we reverse and remand.

I. *Background and Relevant Facts*

On October 2, 1995, Finley executed separate written plea agreements in case 208 and case 317 pleading guilty to multiple felony drug offenses. In case 208, Finley pleaded guilty to possession of marijuana with intent to deliver and possession of drug paraphernalia—both Class C felonies. In case 317, Finley pleaded guilty to possession of marijuana with intent to deliver and possession of drug paraphernalia, and he also pleaded guilty to operating a drug premises—a Class D felony. The plea agreement in case 208 provided that the prosecutor would recommend five years in prison followed by a five-year suspended imposition of sentence, as well as costs and fees to be paid in full on the date the plea was entered. The plea agreement in case 317 provided that the prosecutor would recommend five years in prison followed by a five-year suspended imposition of sentence, as well as court costs.

On October 11, 1995, a judgment and commitment order was entered for all five convictions. The judgment reflected that the two drug offenses in case 208 were committed on March 17, 1995, and that three drug offenses in case 317 were committed on April 27, 1995. For each of the five offenses, the trial court sentenced Finley to five years in prison followed by a five-year suspended imposition of sentence, with all the sentences to run concurrently. The judgment did not order Finley to pay any fines, and in the space for court costs is the handwritten notation, "WAIVED/INDIGENT."

Finley was also furnished with the written conditions of his suspended sentences in case 208 and case 317. Neither of these written conditions required Finley to pay any fines or court costs.

On January 11, 2023, Finley filed separate petitions in case 208 and case 317 to seal the records of his felonies under Act 1460 of 2013, which is known as the Comprehensive Criminal Record Sealing Act (CCRSA), codified at Arkansas Code Annotated sections 16-90-1401 et seq (Repl. 2016 & Supp. 2021).[2] In these petitions, Finley recited the felony offenses with which he was charged and had pleaded guilty. Finley stated in the petitions that he had completed his sentences, that he had paid all court costs and fines unless payment had been excused by the court, that he has no pending felony charges in any state or federal court, and that he has been rehabilitated. In the companion petitions, Finley requested that all his felony convictions be sealed. The prosecutor was served with these petitions on the same day they were filed.

On February 14, 2023, Finley submitted identical letters to the trial court in each case wherein Finley noted that the prosecutor had not filed a response to his petitions within thirty days as permitted by Ark. Code Ann. § 16-90-1413(b)(3)(A) (Repl. 2021). In these letters, Finley's counsel also stated that counsel had been persistently informed that the Union County courts will not sign an order to seal without an executed "sign-off sheet"

---

[2]Arkansas Code Annotated section 16-90-1406(a)(1) (Supp. 2021) permits a person to petition a court to seal a record of a conviction after the completion of the person's sentence for a nonviolent Class C felony or nonviolent Class D felony.

signed by a local agency agreeing that the petitioner had completed his sentence, including payment of any fines and costs. Finley acknowledged that he filed his petitions without the "sign-off sheets" but argued that requiring petitioners to file such "sign-off sheet" constituted an impermissible local rule and that there are other ways a petitioner can prove that he completed his sentence and is entitled to seal his criminal record. Finley cited *In re Changes to Arkansas Rules of Civil Procedure*, 294 Ark. 664, 742 S.W.2d 551 (1987), in which the supreme court abolished Arkansas Rule of Civil Procedure 83, which formerly allowed circuit courts to prescribe local rules. The supreme court abolished Rule 83 in part to eliminate local "procedural rules which will detract from the ability of any litigant or member of the bar of this state to know the fundamental rules of litigation which may affect their rights adversely no matter what court of this state they may be before." *Id.* at 666, 742 S.W.2d at 552. Finley's letters to the trial court concluded by requesting that the trial court either sign the proposed orders to seal or set the matter for a hearing. The trial court subsequently set a hearing for April 11, 2023.

On March 30, 2023, the State filed written responses to each of Finley's petitions to seal his felony convictions. In these responses, the State admitted that Finley had been charged with and convicted of the felony offenses recited in the petitions, but the State denied the remaining allegations in Finley's petitions and stated that it demanded strict proof thereof upon a hearing in the matter. The State requested that Finley's petitions be denied.

On March 31, 2023, Finley filed identical motions to strike the State's written objections to his petitions in each case. In these motions, Finley noted that the State's responses were filed seventy-eight days after his petitions were filed and served on the prosecutor and asserted that they were well outside the thirty-day window for objecting as prescribed by Ark. Code Ann. § 16-90-1413(b)(3)(A). Finley's motions to strike were premised on Arkansas Rule of Civil Procedure 12(f), which provides:

> *Motion to Strike.* Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 30 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

Although Finley moved to strike the State's written objections to his petitions, Finley stated further in his motions:

> Here, a hearing has been requested, and [Finley] does not demand that the court grant the petition based only on the fact that the 30 days expired without entry of an objection. Furthermore, [Finley] does not contend that the State cannot object at the hearing.

The consolidated hearing on both of Finley's petitions to seal was held as scheduled on April 11, 2013. At the hearing, the trial court orally denied Finley's motions to strike the State's written objections, and Finley offered testimony in support of his petitions.

Finley testified in his own behalf. Finley testified that, prior to the 1995 felony convictions that he sought to have sealed in this case, he had once been adjudicated a juvenile delinquent for a felony committed when he was under eighteen. Finley also stated that in 1993, he was charged with "misdemeanor possession." Finley stated that, after being

paroled from prison in relation to the 1995 convictions, he was arrested in 1999 for delivery of a controlled substance, but that charge was later nolle prossed. However, according to Finley, his parole was revoked at that time as a result of the 1999 drug charge. Finley stated that after being released from the Arkansas Department of Correction he was on probation and that he completed his probation.[3]

When asked if he had paid his court costs and fees, Finley stated that he was not ordered to pay any costs or fees. When asked if he had paid his supervision fees during his parole, Finley stated that he was not ordered to pay any supervision fees.

Finley stated that other than once being convicted of public intoxication in 2014, he has not been in any trouble with law enforcement since the 1990s. He also stated that he has no pending criminal charges or investigations against him.

Finley testified that he was about thirty-five when he committed the 1995 nonviolent drug offenses and that he is now sixty-two. He stated that he wants to have his record sealed so he can get a better job and move into an assisted housing apartment. Finley stated that he immediately obtained employment after his release from the Arkansas Department of Correction and that he currently works part time for a company called Clean Earth while also receiving Social Security. Finley is also involved in the community and assists a nearby

---

[3]The record reflects that Finley was actually on a five-year suspended imposition of sentence and not probation. The only difference between probation and a suspension is that probation is supervised by a probation officer and a suspension is not. Ark. Code Ann. § 5-4-101(3), (7) (Supp. 2021); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992).

couple with daily tasks. Finley stated that he spends his time visiting friends and his brother, who is a Vietnam veteran. Finley testified:

> When I [got the 1995 drug charges] I was a young man, had an ego on my shoulder and I was wrong. And I got nephews and nieces and cousins, family members who look up to me. I want to be a, you know, a right citizen.

Finley's sister-in-law, Renea Gentle, testified next. Renea stated that she has known Finley since 1979, when she married Finley's older brother. Renea stated that Finley has changed since 1995 by being more responsible, and she stated that Finley helps her and her husband around the house. Renea stated further that Finley is involved in the community and that he helps three families with everyday tasks, such as buying groceries and transportation to doctor visits. Renea stated that she did not think Finley would reoffend or commit another crime.

Union County Circuit Clerk Cherry Govan testified next. Ms. Govan stated that the circuit clerk's office is not responsible for keeping records of payments of fines, fees, and court costs in criminal proceedings. Accordingly, she had no knowledge of whether Finley had paid any fines, fees, or court costs. She stated that such information would be held at the sheriff's office, the district court, or the prosecuting attorney's office. Ms. Govan further stated that a petitioner seeking to seal convictions could show payment of all fines, fees, and court costs by going to those three offices and receiving a "signature page" on which those offices sign off on whether a petitioner has a remaining balance on his or her fines, fees, and court costs.

Deputy Charlie Phillips of the Union County Sheriff's Office was the last witness to testify. Deputy Phillips stated that his office collects and records fines, court costs, and fees assessed in criminal proceedings. Deputy Phillips stated that his office had no record that Finley owed any fines, court costs, or fees. Deputy Finley also testified that his office "didn't even collect the fines back [in 1995]."

At the conclusion of the hearing, the trial court announced from the bench that it was denying both of Finley's petitions to seal his felony convictions in cases 208 and 317. The trial court made these specific findings:

> Here is where we are. Mr. Finley presented to the Court two petitions to seal in Case 95-208, 95-317. You testified about how you changed your life and turned your life around. And I want to congratulate you on that. You have done an excellent job. I am really proud of you for doing that.
>
> Your attorney laid out that the standard of proof in this case is a clear-and-convincing standard. That is higher than a preponderance of the evidence, not quite the criminal standard we have of beyond a reasonable doubt. And right now, I don't have proof of that on two grounds. Number one, his payment of costs and fees. The plea agreement you laid out indicated that there were court costs and fees due and payable. And there is no proof that those were paid. And so that doesn't meet that burden. The second is that you indicated you had parole, and completing the conditions of that parole if that was successfully done. So that is really something that, quite honestly, your counsel didn't get developed well enough for the Court today. So, on those bases the burden of proof is not met.
>
> Secondarily, and I invite appeal of this issue, because I have looked. There are no appellate cases interpreting this subsection,[4] but as I read it, the petitioner, meaning you, can have no more than one prior felony conviction to be sealed. So, it is just one that can be [sealed]. And you have two prior. And because of the second one, neither of them can be sealed. So unfortunately, at this time I am denying both petitions in your case.

_____

[4]The subsection of the CCRSA referenced by the trial court here is Ark. Code Ann. § 16-90-1406(c), which will be discussed in our analysis of Finley's points on appeal.

8

On April 14, 2023, the trial court entered an order denying Finley's motion to seal in case 317, and on April 20, 2023, the trial court entered an order denying Finley's motion to seal in case 208. These orders were identical and contained these findings:

> Came to be heard on the 11th day of April 2023, was a Petition to Seal a prior felony conviction entered herein against Defendant. Defendant appeared in person and with counsel. The State appeared through the Prosecuting Attorney's Office. Upon the conclusion of said hearing and upon the testimony received, exhibits entered, arguments of counsel and the record as a whole, the Court orally, from the bench, announced its findings and conclusions in denying the petition. The oral rulings are incorporated by reference and adopted herein.

> The Court finds that the Defendant failed to sustain his burden of proof by clear and convincing evidence. Therefore, the Court concludes that that the Petition is thus denied.

> IT IS THEREFORE ORDERED That the petition to seal is hereby denied.

This appeal followed.

## II. *Legal Framework*

The CCRSA, which was enacted by the General Assembly in 2013, created a uniform procedure for sealing a person's criminal record and detailed the circumstances in which individuals were eligible to have their records sealed. *See Bolin v. State*, 2015 Ark. 149, 459 S.W.3d 788. To seal a felony conviction under the provisions in the CCRSA, there is a two-step process. First, a petitioner must establish under Ark. Code Ann. § 16-90-1406 (Supp. 2021) that he is eligible to have his felony conviction sealed. If the petitioner establishes eligibility for sealing, he must then prove under Ark. Code Ann. § 16-90-1415 (Repl. 2016)

9

that he is entitled to relief. The following provisions of the CCRSA are relevant to this appeal.

Arkansas Code Annotated section 16-90-1406 outlines the felony conviction that are eligible for sealing. Subdivision (a)(1) provides in pertinent part, "[R]egardless of when the felony occurred, a person may petition a court to seal a record of a conviction immediately after the completion of the person's sentence for a nonviolent Class C felony or nonviolent Class D felony." Subdivision (c)(1) provides:

> (A) The petitioner can have no more than one (1) previous felony conviction.
>
> (B) For the sole purpose of calculating the number of previous felony convictions under this section, all felony offenses that were committed as part of the same criminal episode and for which the person was convicted are a single conviction.

Therefore, in order to be eligible to have a conviction sealed under section 16-90-1406, the petitioner must have completed his sentence, and the petitioner can have no more than one previous felony conviction.

Arkansas Code Annotated section 16-90-1413 (Supp. 2021) prescribes the procedure for sealing records. The pertinent provisions of this statute provide:

> (a)(1) A person who is eligible to have a record sealed under this subchapter may file a uniform petition in the circuit court or district court in the county where the offense was committed and in which the person was convicted for the offense he or she is now petitioning to have sealed.
>
> . . . .
>
> (b)(1)(A) A copy of the uniform petition shall be served upon the prosecuting attorney for the county in which the uniform petition is filed and upon the arresting agency, if the arresting agency is a named party, within three (3) days of the filing of the uniform petition.

(B) It is not necessary to make the arresting agency a party to the action.

. . . .

(3)(A) The prosecuting attorney may file a notice of opposition with the court for a uniform petition seeking to seal a record of an eligible felony conviction setting forth reasons for the opposition to the sealing within thirty (30) days after receipt of the uniform petition or after the uniform petition is filed, whichever is the later date.

(B) If the prosecuting attorney files a notice of opposition with the court, the court may set the matter for a hearing.

(C) The court may grant the uniform petition only after the hearing described in subdivision (b)(3)(B) of this section has been conducted.

(c)(1) The court may grant or deny a uniform petition at any time after the thirty-day period described in subdivision (b)(3)(A) of this section has expired.

Once eligibility is established, Arkansas Code Annotated section 16-90-1415 sets forth the burden of proof for sealing a felony conviction and the standard of review. Subdivision (b) provides:

(1) A uniform petition filed under § 16-90-1406 may be granted if the court finds by clear and convincing evidence that doing so would further the interests of justice, considering the following factors:

(A) Whether the person appears likely to reoffend;

(B) The person's other criminal history;

(C) The existence of any pending charges or criminal investigations involving the person;

(D) Input from the victim of the offense for which the person was convicted, if applicable; and

(E) Any other information provided by the state that would cause a reasonable person to consider the person a further threat to society.

(2) The factors listed in subdivision (b)(1) of this section are not exclusive. Subdivision (f)(1) provides that an appeal of the grant or denial of a petition to seal may be taken by either party, and subdivision (f)(3) provides that in an appeal from the circuit court, the appellate court shall review the case using an abuse-of-discretion standard. The supreme court has held that an abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the court acted improvidently, thoughtlessly, or without due consideration. *Beard v. State*, 2020 Ark. 62, 594 S.W.3d 29.

## III. *Analysis*

On appeal from the trial court's orders denying his petitions to seal his felony convictions, Finley makes three arguments. First, he argues that the trial court erred in denying his motion to strike the prosecutor's written objections to the petitions because the prosecutor's objections were filed outside the statutory thirty-day response time. Next, Finley argues that the trial court erred in finding that he failed to meet his burden of proof in showing that the sealing of his records would further the interests of justice. Finally, Finley argues that the trial court erred in finding that because Finley had two prior felony convictions, neither could be sealed.

We first address Finley's argument that the trial court erred in denying his motion to strike the prosecutor's written objections to the petitions because the prosecutor's objections were filed outside the statutory thirty-day response time. Finley filed and served on the prosecutor both of his petitions to seal on January 11, 2023. The prosecutor filed written

12

objections to each petition seventy-eight days later on March 30, 2023, generally denying the allegations in Finley's petitions and demanding that he provide proof of his allegations at the hearing. The next day, Finley filed separate motions to strike the prosecutor's objections on the basis that they were filed outside the thirty-day time limit prescribed by Ark. Code Ann. § 16-90-1413(b)(3)(A), which provides:

> The prosecuting attorney may file a notice of opposition with the court for a uniform petition seeking to seal a record of an eligible felony conviction setting forth reasons for the opposition to the sealing within thirty (30) days after receipt of the uniform petition or after the uniform petition is filed, whichever is the later date.

The trial court denied Finlay's motions to strike at the hearing, and Finley argues on appeal that this was erroneous due to the untimeliness of the prosecutor's written objections. We need not decide this issue because it is patently clear that the trial court's refusal to strike the prosecutor's written objections resulted in no prejudice to Finley.

We have held that, although the prosecutor may file a notice of opposition to a petition to seal, the prosecutor's failure to so does not require the trial court to grant the petition. *See Talley v. State*, 2020 Ark. App. 461, 610 S.W.3d 164. And Finley did not make any such argument below, nor does he make that argument on appeal. In Finley's motions to strike, he specifically stated that he *does not demand* that the trial court grant his petitions based on the prosecutor's failure to timely file an objection to his petitions, and Finley stated further that he *did not contend* that the prosecutor could not object at the hearing. While the prosecutor's written objections generally denied that Finley's felony convictions should be sealed, the trial court afforded Finley a full hearing on the matter wherein the prosecutor

13

appeared and made numerous specific objections with respect to Finley's petitions. Even had the trial court granted Finley's motions to strike, this would not have changed the outcome of the proceedings because at the hearing, the prosecutor objected to Finley's petition as Finley had expressly agreed the prosecutor could do.

We do not reverse for an alleged error absent a showing of prejudice. *Goldsmith v. State*, 301 Ark. 107, 782 S.W.2d 361 (1990). We need not decide whether the trial court erred in denying Finley's motions to strike because, even assuming arguendo that this was erroneous, Finley has not demonstrated prejudice.

We now turn to Finley's remaining two arguments, which are that the trial court erred in finding that he failed to meet his burden of proof in showing that the sealing of his records would further the interests of justice, and also that the trial court erred in finding that because Finley had failed to complete his sentencing and had two prior felony convictions, neither of the convictions could be sealed. We address these arguments together because the arguments overlap. Our analysis of these arguments is focused first on whether Finley established eligibility to have his convictions sealed under the requirements of Ark. Code Ann. § 16-90-1406 and, if he did establish eligibility for sealing, whether he is entitled to relief under Ark. Code Ann. § 16-90-1415.

As explained above, the decision to seal a criminal conviction is a two-step process. First, the petitioner must prove his convictions are eligible for sealing. Arkansas Code Annotated § 16-90-1406 requires that the petitioner must have completed his sentence and that the petitioner can have no more than one previous felony conviction. Then, assuming

14

the convictions are eligible for sealing, pursuant to Ark. Code Ann. § 16-90-1415, the petition may be granted if the court finds by clear and convincing evidence that doing so would further the interests of justice.

In 1995, Finley was involved in two criminal episodes: case 208 and case 317. In case 208, on March 17, 1995, Finley was arrested for two felony drug offenses. In case 317, on May 27, 1995, Finley was arrested for three felony drug offenses. On October 11, 1995, a combined judgment and commitment order was entered for all five of these convictions. Arkansas Code Annotated § 16-90-1406(c)(1)(B) provides, "For the sole purpose of calculating the number of previous felony convictions under this section, all felony offenses that were committed as part of the same criminal episode and for which the person was convicted are a single conviction." Therefore, for the purpose of sealing convictions under the CCRSA, the three convictions in case 208 are deemed one conviction, and the two convictions in case 317 are deemed one conviction. Of importance here, the combined judgment did not order Finley to pay any fines or costs, and in the space for court costs is the handwritten notation, "WAIVED/INDIGENT."

Finley petitioned the trial court to seal two convictions: the conviction in case 208 and the conviction in case 317. In reviewing the petition to seal the conviction in case 208, we note that Finley did not have any prior convictions; therefore, the conviction in case 208 would be eligible for sealing if Finley completed his sentence. In reviewing the petition to seal the conviction in case 317, we note that Finley had one prior conviction (case 208); therefore, the conviction in case 317 would be eligible for sealing if Finley completed his

15

sentence because subdivision (c)(1)(A) allows a conviction to be sealed if the petitioner has no more than one *previous* felony conviction. In reviewing the conviction in case 317, Finley had only one prior conviction and, therefore, would be eligible for sealing under subdivision (c)(1)(A). As such, we hold that—if Finley completed his respective sentences—the conviction in case 208 would be eligible for sealing and the conviction in case 317 would be eligible for sealing.

We next turn to whether Finley completed his sentences in case 208 and case 317. The trial court found that Finley did not complete his sentencing because he failed to prove by clear and convincing evidence that he paid the fines and costs associated with the sentencing. We disagree. Finley testified that neither conviction in case 208 or case 317 required him to pay fines or costs. Further, in reading the combined sentencing order, we note that the sentencing order does not order Finley to pay either fines or costs and states clearly on the face of the order in the space for court costs, "WAIVED/INDIGENT." Accordingly, we hold that the trial court erred in finding that Finley did not prove that he completed his sentences as required by § 16-90-1406(a)(1).

In its brief, the State seizes on the fact that Ark. Code Ann. § 16-93-104(a)(1) (1987), which was the effective version of that statute when Finley was convicted of the felonies, provides, "Any offender . . . on parole from a facility of the Department of Correction who remains under the supervision of the Department of Correction shall pay to the department a fee as determined by the Board of Correction." Subdivision (c) of that statute provides that a parolee may be imprisoned for a violation of parole if the offender is financially able

16

to make the payments and if they are not made. Notwithstanding these provisions, there is nothing in the record to show that Finley was actually ordered to pay parole-supervision fees in compliance with the statute nor was there any evidence that Finley's parole was ever revoked for nonpayment of any fees. Finley testified that he had not been ordered to pay supervision fees, and the State presented no contrary evidence showing that any portion of Finley's sentence remained unfulfilled. Thus, the State's argument that Finley failed to prove payment of parole-supervision fees as a requirement of his parole is without merit.

For the reasons explained above, we conclude that Finley established that his conviction in case 208 and his conviction in case 317 are eligible for sealing under Ark. Code Ann. § 16-90-1406.

However, eligibility for sealing does not complete our analysis. Once we have determined that the convictions in case 208 and case 317 are eligible for sealing, we then turn to whether Finley satisfied the requirements in Ark. Code Ann. § 16-90-1415(b), which provides:

> (1) A uniform petition filed under § 16-90-1406 may be granted if the court finds by clear and convincing evidence that doing so would further the interests of justice, considering the following factors:
>
> (A) Whether the person appears likely to reoffend;
>
> (B) The person's other criminal history;
>
> (C) The existence of any pending charges or criminal investigations involving the person;
>
> (D) Input from the victim of the offense for which the person was convicted, if applicable; and

17

(E) Any other information provided by the state that would cause a reasonable person to consider the person a further threat to society.

(2) The factors listed in subdivision (b)(1) of this section are not exclusive.

Because the trial court incorrectly determined that Finley's convictions in case 208 and case 317 were not eligible for sealing, the trial court did not take the second step and evaluate whether in the interests of justice the convictions should be sealed. The court stated in pertinent part:

> Here is where we are. Mr. Finley presented to the Court two petitions to seal in Case 95-208, 95-317. You testified about how you changed your life and turned your life around. And I want to congratulate you on that. You have done an excellent job. I am really proud of you for doing that.

While the trial court congratulated Finley on doing an excellent job turning his life around, the trial court did not make a determination of whether in "the interests of justice" the convictions should be sealed as required by § 16-90-1415(b)(1). Therefore, we reverse the order of the trial court and remand for the trial court to determine whether, under subdivision 16-90-1415(b), Finley's convictions in case 208 and case 317 should by clear and convincing evidence be sealed.

IV. *Conclusion*

In conclusion, we hold that the trial court erred in denying Finley's petitions to seal his felony convictions on the basis that he failed to prove eligibility for sealing under Ark. Code Ann. § 16-90-1406. Because of the trial court's error in finding that Finley's felonies were not eligible for sealing, the trial court did not make any findings below on whether, in

light of the evidence presented by Finley at the hearing, he met his burden by clear and convincing evidence in the second step of the process under Ark. Code Ann. § 16-90-1415(b)(1) of showing that the sealing of his record would further the interests of justice. Accordingly, we reverse and remand with instructions to the trial court to consider Finley's petitions under the factors listed in section 16-90-1415(b) and to determine whether Finley's convictions in case 208 and case 317 should be sealed.

Reversed and remanded.

ABRAMSON and VIRDEN, JJ., agree.

*Center for AR Legal Services*, by: *Riley Cauley* and *Helen Newberry*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.